United States District Court
Southern District of Texas
**ENTERED**
February 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON JINKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00052 |
| | § | |
| KRC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff Jason Jinks, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") and is currently housed at the Willacy County State Jail in Raymondville, Texas. In this action, Plaintiff sues four officials from the Burkburnett Police Department in Burkburnett, Texas: (1) Sgt. Krc; (2) Sgt. Tidwell; (3) Unidentified Officer; and (4) Sheriff David Duke. (D.E. 1). Plaintiff generally alleges that Defendants violated his civil rights during an arrest in January 2025. *Id.*

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss,

or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff seeks to hold four officials with the Burkburnett, Texas Police Department responsible for violating his civil rights. Each of these defendants were employed in Wichita County, which is not within the Corpus Christi Division of the Southern District of Texas. Furthermore, it is apparent that the substantial part of the events forming the basis of Plaintiff's claims occurred in Wichita County, Texas. Venue, therefore, is not proper in this division or district. 28 U.S.C. § 1406(a). The interest of justice, therefore, will be served by transferring this action to the Wichita Falls Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(6).

Accordingly, it is **ORDERED** that this case, including all pleadings and motions filed therein, be transferred to the United States District Court for the Northern District of Texas, Wichita Falls Division. The Clerk of Court is directed to **CLOSE** this case in this division.

ORDERED on February 10, 2026.

_____
Julie K. Hampton
United States Magistrate Judge